No. 2,588.

THE PEOPLE OF THE STATE OF CALIFORNIA, RESPONDENT, v. GEORGE M. COX, APPELLANT.

CRIMINAL PRACTICE.—EMBEZZLEMENT.—An indictment for embezzlement should state the description of the property embezzled, with the same particularity as is required in an indictment for larceny.

IDEM.—The omission, in an indictment for embezzlement, to state any description or character whatever of the stolen money is a fatal objection, whenever presented during the progress of the cause.

APPEAL from the County Court of Los Angeles County.

Upon arraignment the defendant entered the plea of "not guilty." Subsequently when the case was called for trial, counsel for defendant asked leave of the Court to withdraw the plea of "not guilty," for the purpose of interposing a demurrer to the indictment upon the following grounds :

1st. That it does not substantially conform to the requirements of Sections 237 and 238 of the Criminal Practice Act.

2d. That more than one offence has been charged in the indictment.

3d. That the facts stated do not constitute a public offence.

Leave was denied by the Court.

Defendant was found guilty as charged in the indictment. Counsel moved for a new trial upon the grounds among others, that the Court erred in the decision of questions of law arising during the course of the trial, and that the verdict is contrary to law and the evidence; which motion was overruled. Defendant's counsel then moved in arrest of

judgment, upon the ground that the facts stated in the indictment do not constitute a public offence. This motion was also denied, and defendant appealed.

The other facts are stated in the opinion.

*Kewen & Howard,* for Appellant.

*First*—There is no averment in the indictment of the kind or value of the effects alleged to have been embezzled.

The indictment declares that the defendant " did receive certain money," and again, " did convert the sum of eight hundred dollars," with no farther specifications on the subject.

Section 70 of the Criminal Practice Act, contemplates " convertible " money—money of value in commerce or trade ; and imperatively demands that the party charged with violating its provisions should be informed of the value and character of the abstracted sum. The true doctrine is " The thing stolen must be correctly described for the purpose of identification, and when a party is indicted for stealing coin, the kind of coin must be specified." (*People* v. *Winkler*, 9 Cal. 236, 2 Bishop-on Crim. Law, Sec. 358.)

*Jo Hamilton,* Attorney-General, for Respondent.

As the defendant failed to demur to the indictment, the description of the money as eight hundred dollars in money, without describing the character of the money, was sufficient. (*People* v. *Jim Ti,* 32 Cal. 60; *People* v. *Farrell,* 31. Id. 576; *People* v. *Shotwell,* 27 Id. 401; *People* v. *Garnett,* 29 Id. 620.)

The facts charged are sufficient to constitute the offence. The indictment uses the language of the statute, which has always been held to be sufficient. (*People* v. *Dolan,* 9 Cal. 576; *People* v. *Martin,* 32 Id. 91; *People* v. *Cronin,* 34 Id. 191; *People* v. *Rodriguez,* 10 Id. 50; *People* v. *White,* 34 Id. 183; *People* v. *Thompson,* 4 Id. 238.)

WALLACE, J., delivered the opinion of the Court:

The indictment in this cause, found under Section 70 of the Criminal Code, avers that Cox is guilty of the crime of embezzlement, in that he, being at the time a clerk in the employment of a certain business firm, received in the course of his employment "certain money" belonging to his principals, "and did willfully, and unlawfully and feloniously embezzle and convert the sum of $800 of the said money so received to his own use, with intent to steal the same," etc.

It will be seen that there is not contained in the indictment the slightest designation of the character or description of the money received or embezzled, it is not even averred to have been the lawful money of the United States, or made or issued by any government or sovereignty whatever.

In an indictment for larceny of money it is settled here that the particular denomination and description of the money stolen should be set forth; and, though this Court held in *People* v. *Jim Ti* (32 Cal. 61), that a description of the money as being "gold and silver coin * * * of the value of $235.75" was sufficient, where no special demurrer to the indictment was interposed, I apprehend that the omission to state any description or character whatever of the stolen money is a fatal objection, whenever presented during the progress of the cause.

An indictment for the crime of embezzlement ought to state the description of the property embezzled with the same particularity as is required in an indictment for larceny. For obvious reasons it may be difficult to give such a description of property embezzled, particularly where the offense is committed by a person in the course of a continuous employment, as a clerk, cashier, or the like; but I find nothing in the law authorizing us to make any distinction upon this point between offences of larceny and embezzlement. It would promote the ends of justice, perhaps, if a statute should be passed to correct the law in this particular, as has been done in England, where it is enacted by

Stats. 7 and 8, Geo. IV., Ch. 29, Sec. 48, that "it shall be sufficient to allege the embezzlement to be of money, without specifying any particular coin or valuable security," etc. Judgment reversed and cause remanded.