[Crim. No. 96.   Department Two.—May 22, 1896.]

# THE PEOPLE, RESPONDENT, *v.* LEO STRASSMAN, APPELLANT.

CRIMINAL LAW—PERJURY—FALSE SWEARING AS TO OWNERSHIP—INSUFFICIENT PROOF.—Upon the trial of a person accused of perjury in falsely swearing that he was the owner of certain real property, evidence tracing the record title to such property into another more than a year before the date of the alleged perjury, without further proof to show who was its owner or in possession of it at that date, and without even negative evidence to show that the title had not been conveyed to the defendant, is insufficient to sustain a conviction.

ID.— CONFLICTING PRESUMPTIONS — INNOCENCE — CONTINUANCE.—All disputable presumptions must give way before the presumption of the in-

nocence of the defendant, which remains until the prosecution, by convincing proof, has established his guilt; and the presumption of continuance of title in the person in whom it was last shown to be of record, cannot overcome the presumption that a defendant accused of swearing falsely that the property belonged to him is innocent of the crime of perjury.

Id.—Variance—Bail Bond upon Charge of Larceny—Proof of Charge of Robbery.—Where the defendant is charged with perjury in qualifying as surety upon the bail bond of a person held to answer upon a charge of grand larceny, and the bail bond recites that such person had {been committed for grand larceny, but the proof shows that such person had in fact been arrested, examined, and held to answer upon a charge of robbery, the variance is fatal, and there was no justification in law or in fact for the release of such person from custody under such bail bond; nor was the affidavit qualifying to such bond made in the course of any authorized proceeding or investigation, nor connected with any matter in respect of which perjury could be committed.

Appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Edward A. Belcher, Judge.

The facts are stated in the opinion of the court.

*Carroll Cook,* for Appellant.

The evidence is wholly insufficient to sustain the verdict. The information charges that the bond was given in a cause wherein one Katie Farley was charged with grand larceny, and the proof showed that she was charged with robbery. (*Commonwealth* v. *Dejardin,* 126 Mass. 34; 30 Am. Rep. 652; *Commonwealth* v. *Brown,* 2 Gray, 358; *State* v. *Rushing,* 2 Nott & McC. 560; *United States* v. *Keen,* 1 McLean, 429; *Regina* v. *Deeley,* 1 Moody C. C. 303; 4 Car. & P. 579; *People* v. *Ah Woo,* 28 Cal. 208; *Regina* v. *Edwards,* Russ. & R. C. C. 497.) The falsity of the oath was not established, as there was no evidence offered that Hilda Strassman or her grantors had not conveyed the property in question to defendant, or that he was not possessed of a title dating back to a source superior to her title. There was no evidence as to who owned or was in possession of said land at the date upon which defendant swore he had an interest therein. The evidence offered to prove the

falsity of the oath, being entirely record and documentary evidence, was insufficient. (Code Civ. Proc., secs. 1827, 1844, 1968; 1 Greenleaf on Evidence, sec. 257; 3 Russell on Crimes, marg. p. 78; 7 Dane's Abridgment, 83; *People* v. *Wells*, 103 Cal. 631; *People* v. *Porter*, 104 Cal. 415.) Variance in perjury cases is especially fatal. (Wharton's Criminal Law, 8th ed., sec. 1314; *Pope* v. *Foster*, 4 Term Rep. 590; *Woodford* v. *Ashley*, 11 East, 508; 2 Sand. 291 b; *United States* v. *Bowman*, 2 Wash. C. C. 328; *United States* v. *McNeal*, 1 Gall. 387; *Commonwealth* v. *Monahan*, 9 Gray, 119.) A descriptive and limiting averment must be proved as laid, even though such particular description was unnecessary. (*United States* v. *Howard*, 3 Sum. 12; *United States* v. *Brown*, 3 McLean, 233; *State* v. *Noble*, 15 Me. 476; *State* v. *Jackson*, 30 Me. 29; *State* v. *Lashus*, 67 Me. 564; *State* v. *Canney*, 19 N. H. 135; *State* v. *Langley*, 34 N. H. 529; *Commonwealth* v. *Atwood*, 11 Mass. 93; *Commonwealth* v. *Tuck*, 20 Pick. 356; *Commonwealth* v. *Varney*, 10 Cush. 402; *Commonwealth* v. *Livermore*, 4 Gray, 18; *Commonwealth* v. *Dejardin*, *supra; People* v. *Jones*, 5 Lans. 340; *State* v. *Johnston*, 6 Jones, 485; *Morgan* v. *State*, 61 Ind. 447; *State* v. *Copp*, 15 N. H. 212; *Commonwealth* v. *Butcher*, 4 Gratt. 544; *People* v. *Myers*, 20 Cal. 76; Wharton's Criminal Pleading and Practice, sec. 109, et seq; *People* v. *Coon*, 45 Cal. 672; *Moore* v. *State*, 12 Ohio St. 389; *State* v. *Crogan*, 8 Iowa, 523; *Chute* v. *State*, 19 Minn. 271; *People* v. *Cox*, 40 Cal. 275; *United States* v. *Nott*, 1 McLean, 499; *People* v. *Ball*, 14 Cal. 101; 73 Am. Dec. 631; *People* v. *Cohen*, 8 Cal. 42; *People* v. *Peterson*, 9 Cal. 313.) The presumption " that things which a person possesses are owned by him," "that a person is the owner of property from exercising acts of ownership over it and from common reputation of his ownership," and "that a thing once proved to exist continues as long as is usual in things of that nature," cannot be indulged in in criminal cases. (*People* v. *Douglass*, 100 Cal. 1.)

*W. T. Fitzgerald,* Attorney General, and *Charles H. Jackson,* Deputy Attorney General, for Respondent.

The last transfer in the books is that of Max Strassman to Hilda Strassman. Upon proof of this circumstance, every presumption of law is against ownership and title in defendant, and every such presumption vests said title in Hilda Strassman. (Code Civ. Proc., secs. 1920, 1926, 1963.) Having traced the title down to Hilda Strassman, the presumption is that the title remained in her until further record of transfer. (Code Civ. Proc., sec. 1963.) There need not be two oral witnesses to prove a case of perjury. Proof of taking the oath, followed by proof of willful falsehood in taking said oath, make out the case as in the cause at bar. (18 Am. & Eng. Ency. of Law, 323.) The testimony of a single witness is sufficient to prove that defendant swore as alleged in the indictment. (3 Greenleaf on Evidence, sec. 198; *Commonwealth* v. *Pollard,* 12 Met. 225; Roscoe's Criminal Evidence, 2d ed., 770.) That testimony, together with the record evidence that title was never in defendant, make out a clear case of perjury. (*People* v. *Wells,* 103 Cal. 631; *People* v. *Porter,* 104 Cal. 415; *People* v. *Lem You,* 97 Cal. 227.) The record shows that the crime denoted in the bond and that in the commitment are the same.

HENSHAW, J.—Defendant was indicted for, and convicted of, the crime of perjury.

It was charged that in qualifying as a surety upon the bail bond of one Kate Farley, who had been held to answer upon a charge of grand larceny, the defendant falsely swore that he was the owner of a certain piece of real property in the city and county of San Francisco.

1. Upon the trial, evidence was introduced which traced the record title to the property into one Hilda Strassman, more than a year before the date of the alleged perjury. Here the evidence of ownership came to an end. No witnesses were called to prove, and no other evidence was introduced to show, who was the

owner, or in possession of the property, at the time when defendant made affidavit to his ownership. Hilda Strassman was not called as a witness, and there was not even the negative evidence of her testimony that she had not conveyed to the defendant, or to another, the title which had vested in her.

That a conviction of perjury cannot be supported upon such insufficient and incomplete evidence does not admit of discussion. The only argument advanced by the people is that, having showed title in Hilda Strassman more than a year before the date of the alleged crime, the law presumes that she continued to own it until the defendant overcomes the presumption. But all such disputable presumptions give way before the presumption of innocence which belongs of right to every defendant, and which remains with him until the prosecution by convincing proof has established his guilt. As is said in *People* v. *Douglass,* 100 Cal. 1, there cannot be two presumptions in a criminal case. In the recent case of *Hunter* v. *Hunter,* 111 Cal. 261, this court considered at some length the question of conflicting presumptions, and quoted with approval from Matthews on Presumptive Evidence: " A charge of an act of immorality or of disobedience of a positive law will not be received unless supported by direct evidence. Circumstances showing probability merely are not enough; the fact averred must be conclusively proven."

2. While the indictment charged the defendant with having committed perjury in justifying upon the bail bond of Kate Farley, held for trial for grand larceny, and while the recital in the bail bond itself was that Kate Farley had been committed for trial for the crime of grand larceny, the evidence, and all the evidence, showed that in fact Kate Farley had been arrested, examined, and held to answer for the crime of robbery. So far as the proofs disclose, she was not under arrest for grand larceny or for any other crime saving that of robbery. Kate Farley, then, being in custody for robbery, would not be entitled to her liberty upon the bail

bond given, and it was mere negligence upon the part of the officer having her in charge to release her. There was no justification in law or in fact for her enlargement upon the robbery charge under the bond reciting the separate and distinct crime of grand larceny.

The materiality of defendant's false oath is shown by the facts pleaded in the indictment, that it was given in the course of judicial proceedings pending against Kate Farley. Upon the trial there was no evidence offered to substantiate these averments; no showing was made that proceedings upon a charge of grand larceny were or had been pending against her, and the proof was limited to the establishment of a fact at total variance with the charge in the indictment, namely, that the proceedings against Kate Farley were for the crime of robbery. "In respect to records," says Wharton on Criminal Evidence, section 115, "great care is necessary, as any variance at common law is fatal. Thus, at common law, if the whole record to which perjury is incidental is not accurately set forth, there must be an acquittal."

The question, then, resolves itself to this: The indictment charged the perjury to have been committed in the course of the proceedings had in the matter of the prosecution against Kate Farley for the crime of grand larceny. It was a necessary averment to show the materiality of the false oath. The matter was one of record. The record was, or should have been, before the officer who drew the indictment. Upon the trial no effort was made to support this averment, and the prosecution rested its case upon evidence of record proceedings in another and different case. The averment being material, the variance between it and the proof is fatal. Or even if the designation of the crime by any possible stretch of the rule could be considered as descriptive matter, still it having been pleaded must be proved as laid. (Bishop's New Criminal Procedure, sec. 488, subd. 2.)

So far as the record discloses, defendant's affidavit

to the bail bond for grand larceny was not made in the course of any authorized proceeding or investigation, and was, therefore, immaterial and in no way connected with any matter in which a perjury could be committed.

So plainly marked is the variance that the facts themselves foreclose the need of discussion. But in illustration of the principles enunciated, and of their application to cases where the failure or omission has been much less conspicuous than that under review, may be instanced generally the cases of *People* v. *Coon*, 45 Cal. 672; *People* v. *Cox*, 40 Cal. 275; *Moore* v. *State*, 12 Ohio St. 387; *State* v. *Crogan*, 8 Iowa, 523; *Chute* v. *State*, 19 Minn. 271; while bearing specifically upon the question of perjury are those of *State* v. *Bailey*, 31 N. H. 521; *State* v. *Tappan*, 21 N. H. 56; *Brown* v. *State*, 47 Ala. 47; *Commonwealth* v. *Monahan*, 9 Gray, 119; *United States* v. *Bowman*, 2 Wash. C. C. 328.

It is unnecessary to discuss any of the other points presented by appellant.

The judgment is reversed.

McFarland, J., and Temple, J., concurred.