STATE, RESPONDENT, *v.* BLAINE, APPELLANT.

(No. 3,137.)

(Submitted May 20, 1912.   Decided May 27, 1912.)

[124 Pac. 516.]

*Criminal  Law — Grand  Larceny—Livestock—Ownership—Evidence—Instructions—Inferences—Circumstantial  Evidence—Statute  of  Limitations—Presumptions.*

Criminal Law—Inferences—Instructions.
1.   Where in a criminal cause the court had given a correct definition of an inference, and had advised the jury that an inference must be founded upon a fact legally proved, refusal to instruct that an "inference cannot be founded upon another inference or upon facts inferred from other facts legally proved" was not error.

Same—Circumstantial Evidence—Instructions.
2.   Refusal to substitute the word "must" for the word "ought" in an instruction, telling the jury that where a criminal charge is to be proved by circumstantial evidence, "the proof *ought* to be not only consistent with the prisoner's guilt, but inconsistent with any other rational conclusion," was not error, there not being any substantial difference in the meaning of the two terms.

Same—Grand Larceny—Statute of Limitations—Instructions.
3.   An instruction charging the jury that to justify defendant's conviction of grand larceny, they must find that the animal in question was stolen within a period of time covered by the evidence, and five years before the information was filed, was not objectionable as intimating that it was sufficient to find that the animal was taken within either period, to the exclusion of the other.

Same—Presumption of Innocence—Instructions—Proper Refusal.
4.   Where the jury had been properly instructed that one charged with crime is presumed to be innocent until his guilt is established beyond a reasonable doubt, refusal to also charge that "where there are two presumptions, one in favor of innocence and the other in favor of a criminal course, the one in favor of innocence must prevail," was not error.

Same—Contradictory Instructions—Proper Refusal.
5.   An instruction which told the jurors that they might use their own knowledge in determining any fact in the case, and that they must determine the facts from the evidence introduced, was contradictory in terms and properly refused.

Same—Evidence of Ownership—Sufficiency.
6.   Evidence of ownership of a horse charged to have been stolen by defendant, *held* sufficient under *State* v. *Trosper,* 41 Mont. 442.

Same—Date of Larceny—Proof.
7.   Proof of the exact date upon which the larceny of a horse was committed was unnecessary; a showing that it had been stolen within five years of the date on which the information was filed being sufficient, which fact may be proved by circumstantial evidence.

*Appeal from District Court, Dawson County; Sydney Sanner, Judge.*

C. H. BLAINE, convicted of grand larceny, appeals from the judgment of conviction and an order denying him a new trial. Affirmed.

Cause submitted on briefs of counsel.

*Mr. C. C. Hurley,* and *Messrs. Loud & Campbell,* for Appellant.

There is no evidence of any character in the record showing when, where or under what circumstances the animal in question was stolen, if at all. It is essential to sustain a conviction upon any criminal charge that the fact that a crime had been committed, or the *corpus delicti,* must be proved before a conviction can be sustained. The *corpus delicti* cannot be proved by any extrajudicial statement of the defendant, but must be proved by independent evidence. Extrajudicial statements of the defendant are incompetent as evidence for any purpose in a criminal case, until there has been proof of the *corpus delicti.* (Underhill on Criminal Evidence, sec. 147; *People* v. *Simonsen,* 107 Cal. 345, 40 Pac. 440; *State* v. *Marselle,* 43 Wash. 273, 86 Pac. 586; *People* v. *Eldridge,* 3 Cal. App. 648, 86 Pac. 832; *Priest* v. *State,* 10 Neb. 393, 6 N. W. 468; *People* v. *Tapia,* 131 Cal. 647, 63 Pac. 1001; *Territory* v. *Farrell,* 6 Mont. 12, 9 Pac. 536; *Territory* v. *McClin,* 1 Mont. 394.) Granting for the purpose of argument that the brand upon the animal in question had been mutilated, yet it does not necessarily follow that the crime of larceny had been committed. The mutilation of a brand is a separate and distinct offense. (Rev. Codes, sec. 8459.) In order to arrive at a conclusion that the animal in question had in fact been stolen, it was necessary to infer: (1) That the brand upon the animal had been altered or mutilated by some one; and (2) that the brand had been mutilated or altered for the purpose of depriving or defrauding the true owner of his property. In other words, the inference that the brand had been mutilated for the purpose of depriving or defrauding the true owner of his property is based upon the infer-

ence that the brand was mutilated at all, but one inference cannot be founded upon another inference. (*State* v. *Hembree*, 54 Or. 463, 103 Pac. 1008; *State* v. *Potello* (Utah), 119 Pac. 1023.)

It is the established law of this state that in order for circumstantial evidence to be sufficient to warrant a conviction, such evidence must, not ought to, be consistent with the defendant's guilt and inconsistent with any other reasonable hypothesis. (*State* v. *Allen*, 34 Mont. 403, 87 Pac. 117; *State* v. *Sloan*, 35 Mont. 367, 89 Pac. 829; *State* v. *Suitor*, 43 Mont. 31, 114 Pac. 115.)

By requested instruction No. 3 the court was asked to instruct the jury that their personal opinion of facts not proved cannot properly be considered as the basis of their verdict. We respectfully submit that it is an instruction that should have been given if no instruction was given that covered the matters embodied in this instruction. (Blashfield on Instructions to Juries, sec. 360; *Ramsey* v. *Burns*, 27 Mont. 154, 69 Pac. 711; *Villereal* v. *State* (Tex. Cr.), 61 S. W. 715.)

In the absence of proof, the presumption of innocence should overcome all other presumptions, and the defendant is entitled to have the jury advised that the presumption of innocence cannot be overcome by any other presumption. (*People* v. *Douglass*, 100 Cal. 1, 34 Pac. 490; *People* v. *Strassman*, 112 Cal. 683, 45 Pac. 4; *Bickerdyke* v. *State*, 144 Cal. 698, 78 Pac. 277.)

*Mr. Albert J. Galen*, Attorney General, and *Mr. W. H. Poorman*, Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The defendant was convicted of grand larceny and has appealed from the judgment and from an order denying him a new trial.

1. The contention of appellant that the information does not state facts sufficient to constitute a public offense is without merit. (*State* v. *Van*, 44 Mont. 374, 120 Pac. 479; *State* v. *Biggs, ante*, p. 400, 123 Pac. 410.)

2. Complaint is made of the action of the trial court in giving instruction No. 15, and in refusing defendant's requested instruction 16. Each of these instructions follows the language of sections 7957 and 7959, Revised Codes; but defendant's requested instruction adds: "In this connection I charge you that [1] an inference cannot be founded upon another inference or upon facts inferred from other facts legally proved." Assuming that this addition is correct as an abstract rule of law, was it necessary for the trial court to submit it to the jury? The court had given a correct definition of an inference, and had advised the jury that an inference must be founded upon a fact legally proved. To insist upon this additional statement, even if correct, is tantamount to insisting that the court should proceed and tell the jury what is not an inference and the many sources from which an inference cannot be drawn. Having stated the rule affirmatively, it was not necessary for the court to state the same thing in a negative form, even if it could be done. The court had a right to presume that the jurors possessed a reasonable degree of intelligence and understood the language employed.

3. The defendant requested two instructions (5 and 7) upon the subject of circumstantial evidence. These requests were refused, and in lieu thereof the court gave instruction No. 17 upon the same subject, employing therein the following sentence: [2] "And when a criminal charge is to be proved by circumstantial evidence, the proof ought to be not only consistent with the prisoner's guilt, but inconsistent with any other rational conclusion." Fault is found with the use of the word "ought," and it is insisted that the instruction does not convey the same meaning as it would if a mandatory term such as "must," had been employed. Webster defines "ought" as follows: "3. To be bound in duty or by moral obligation. 4. To be necessary, fit, becoming, or expedient; to behoove. Syn. Ought, should. Both words imply obligation, but ought is the *stronger*. *Should* may imply merely an obligation of propriety, expediency, *etc.;* *ought* denotes an obligation of duty." (Webster's International Dictionary.) A reference to the definition of the word "must,"

as given by the same author, discloses that there is not any substantial difference in the meaning of the two terms. Precisely the same question was presented to this court in *State* v. *Biggs,* above, and we then held that the subject was properly covered in the instruction given in that case, which was in the same language as the instruction now under consideration.

4. Instruction 8, given by the court, is not open to the objection urged against it. It very plainly told the jury that they [3] must find that the animal was stolen within a period of time covered by the evidence, and five years before the information was filed. The jury could not have understood that it was sufficient to find that the animal was stolen within either period mentioned, to the exclusion of the other.

5. Requested instruction No. 1 was fully covered by instruction No. 12, given.

6. Defendant's offered instruction No. 3 is erroneous and was properly refused. (*State* v. *Kremer,* 34 Mont. 6, 85 Pac. 736.) The court correctly covered the subject in instruction No. 20, given. (*State* v. *Biggs,* above.)

7. By offered instruction No. 11 the court was asked to define a presumption and to tell the jury that "where there are two [4] presumptions, one in favor of innocence and the other in favor of a criminal course, the one in favor of innocence must prevail." In support of this offered instruction, counsel for appellant cite *People* v. *Douglass,* 100 Cal. 1, 34 Pac. 490, *People* v. *Strassman,* 112 Cal. 683, 45 Pac. 3, and *People* v. *LeDoux,* 155 Cal. 535, 102 Pac. 517. The authorities do not support appellant's contention. In *People* v. *Douglass,* an instruction substantially the same as the one offered here was refused by the California trial court and this action affirmed by the supreme court, which said: "There was no error in the refusal to give the second instruction referred to. There cannot be two presumptions in a criminal case." This last sentence is quoted with approval in *People* v. *Strassman.* In *People* v. *LeDoux,* a somewhat similar instruction was likewise refused by the trial court and its action approved by the supreme court, which pronounced the offered instruction erroneous.

The trial court properly declared the rule of law applicable, in instruction No. 12 given, and did not err in refusing the instruction tendered.

8. Defendant's offered instruction No. 13 reproduces a portion of section 8658, Revised Codes, and then continues with an apparent effort to apply the rule to the facts of this particular case, but, in doing so, imposed upon the defendant a burden much greater than that warranted by law. The meaning of the instruction is not clear, particularly the last clause; but, however this may be, the court by instruction No. 9 told the jury that it was incumbent upon the state to prove, beyond a reasonable doubt, that the defendant took the animal in question with a felonious intent,—that is to say, with the intent to steal; and in instruction No. 11 the court made a proper application of the rule announced in section 8658, above.

9. Defendant's offered instruction 14 is so far contradictory in its terms as to be confusing, if not almost meaningless. In [5] the first paragraph the jurors are told that they may use their own knowledge in determining any fact in the case, while in the concluding paragraph they are told that they must determine the facts from the evidence introduced. The offered instruction was properly refused, and in instructions given the court advised the jurors as to their proper office in considering the evidence before them.

In support of the offered instruction, counsel for appellant cite *People* v. *LaPique* (Cal.), 67 Pac. 14; but a reference to the case discloses that the instruction there considered was given at the request of the defendant and is not approved by the California court.

10. The defendant was charged with the larceny of a black mare, the property of Samuel Sanderson. The evidence of [6] ownership is very similar to that held sufficient in *State* v. *Trosper*, 41 Mont. 442, 109 Pac. 858. The venue was also shown sufficiently. (*State* v. *DeWolfe*, 29 Mont. 415, 74 Pac. 1084.)

The evidence offered by the state tends to show that the animal in question was branded $\overset{C}{O}$, that defendant and one McCulluch secured the animal, defaced the brand by running a bar brand through the letters so as to make a reversed B ; that the bar brand was put on much later than the letters and had not healed entirely; that defendant took the animal to Culbertson and sold her to one Holland, all without the knowledge or consent of the owner, and that in his transactions with the animal he made an apparent effort to conceal it immediately prior to the sale. There is not any direct evidence as to the particular day upon [7] which the larceny was committed, and if proof of the exact date should be required, range stock would be at the mercy of thieves. But the trial court properly informed the jury that it was only necessary for the state to show that the animal had been stolen within five years of the date when the information was filed, and it is elementary that this fact may be proved by circumstantial evidence.

The evidence tends to show that the mutilation of the brand occurred but a short time prior to the trial, and that the animal when sold to Holland was only four or five years old. According to the testimony of defendant and his witnesses, defendant never saw the animal until two or three months, at most, before he sold her to Holland. The defendant offered an explanation of his possession of the animal, which, if true, completely exonerated him, but the jury refused to accept his explanation, and we cannot say that they were not justified in their action. Defendant and his witnesses were before the jury, their demeanor on the witness-stand, their apparent interest or lack of interest, their candor or lack of it, and all the attending circumstances the jury were advised to consider, and doubtless did consider, in arriving at their determination that defendant's explanation was not entitled to credence. The trial court having had the witnesses before it and the like opportunity to observe them while testifying, upon a review of the case on motion for new trial refused to interfere. Under these circumstances we cannot

say that the evidence is insufficient to support the verdict and judgment.

Finding no error in the record, the judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.