[No. 2103, April 24, 1918.]

## H. A. SEINSHEIMER & CO. v. JACOBSON.

### SYLLABUS BY THE COURT.

1. Affirmative allegations in an answer, which are in effect only denials, are not new matter. That is not new matter in an answer which might have been shown under a general denial. Pleadings examined and held that answer did not state new matter, and consequently a reply was not necessary to form the issue.                                    P. 86

2. The record on appeal must show such portions of the record of the trial court as are necessary for a consideration of the questions presented. This duty devolved upon the appellee with reference to proposition stated in the opinion.
                                                        P. 88

Appeal from District Court, McKinley County; Raynolds, Judge.

Action by H. A. Seinsheimer & Co. against J. M. Jacobson. Judgment on the pleadings in favor of defendant, and plaintiff appeals. Judgment reversed, and cause remanded, with instructions to vacate the judgment, and for further proceedings.

A. B. STROUP, of Albuquerque, for appellant.

E. A. MARTIN, of Gallup, for appellee.

OPINION OF THE COURT.

PARKER, J.  H. A. Seinsheimer & Co. brought this action against J. M. Jacobson, in the district court for the county of McKinley, for goods, wares, and merchandise sold and delivered to appellee, Jacobson, of the agreed value of $487.50. Judgment on the pleadings was rendered in favor of the appellee, and appellant has appealed.

The complaint simply alleged that on or about the 1st day of September, 1914, appellant "sold and delivered" to appellee, at his special instance and request, goods, wares, and merchandise of the value of $487.50, and that that amount is due and unpaid. The answer specifically denied all the allegations of the complaint, and by way of further defense alleged the following: That on or about May 7, 1914, appellee "bought" certain goods, wares, and merchandise of the appellant of the agreed value of $487.50, to be delivered to appellee at Gallup, N. M., appellee to pay the freight charges thereon; that appellee received from appellant merchandise purporting to be the merchandise bought by him, but that a shortage of merchandise amounting in value to $366.09 occurred in said shipment; that the appellee so advised the appellant and under instructions from the latter settled for such shortage with the railroad company for the sum of $305.25; that appellee incurred costs in and about said settlement amounting to $5; that appellee acted as the agent of the appellant in said transaction; and that appellee was ready and willing to pay over to the appellant the sum of $121.50, the value of the merchandise delivered to him by appellant, plus $300.25, the amount received from the railroad company, less the expenses incurred by him, and tendered such amount in court. To this answer the appellant filed a reply some six months after the answer had been filed. Because the reply was not filed within the time specified therefor by statute, the same was stricken from the

files, upon the motion of the appellee and the motion of appellee for judgment on the pleadings granted by the court.

[1]    The appellant contends that the answer was argumentative, and contained no new matter, as the same is understood in code pleading, and consequently the reply was unnecessary; issue having been joined on the complaint and answer. Upon that premise it is contended that the trial court was in error in rendering judgment against the appellant on the pleadings, and with this contention we agree. In the case of Walters v. Battenfield, 21 N. M. 413, 415, 155 Pac. 721, we discussed the proposition as to what constitutes new matter, and cited numerous authorities thereon. We held that:

"A narration of facts, in an answer, in the form of new matter, which could all be properly proved under the general or specific denials made by the defendant, constitutes an argumentative answer," and that if the facts averred merely show that some essential allegation of the complaint is untrue, they do not constitute new matter, but only a traverse, citing as authority for the last statement 1 Sutherland on Code Pleading, § 457.

In the case at bar the issue tendered by the complaint was that appellant "sold and delivered" merchandise to the appellee, of the value of $487.50, for which appellant had not been paid. The denials in the answer made an issue on those facts. The so-called new matter in the answer admitted the purchase of merchandise from appellant of the agreed value of $487.50, but denied the delivery of merchandise of that value, alleging in that behalf that merchandise of the value of only $121.50 had been delivered. Unquestionably these facts were provable under the general or special denial, for they were strictly relevant to the issue as to the quantity of goods alleged to have been delivered to appellee by the appellant. The answer confessed the purchase of merchandise of the value of $487.50, but denied delivery of merchandise of that value. The burden of proof as to the fact of the delivery of merchandise of

said value rested upon the appellant at the time issue was joined, and that constituted one of the material allegations necessary to prove before appellant was entitled to a recovery. In the Walters-Battenfield case, we said, citing authority, that new matter is "truly a confession and avoidance," and that "the true test as to whether matter pleaded by the defendant in his answer is new matter is whether the burden of proof is thrown upon the defendant." Quoting 1 Sutherland on Code Pleading § 457, we held:

"Affirmative allegations in the answer which are in effect only denials are not new matter, for, as we have just noted, new matter confesses and avoids either expressly or impliedly the cause of action set up in the complaint. So any matter which does not discharge or avoid a cause of action theretofore existing, but the purpose of which is to show that the alleged cause of action never did exist, and that material allegations of the complaint are not true, is not new matter such as is required to be specially pleaded. That is not new matter in an answer which might have been shown under a general denial."

. The answer confessed but part of the allegations of the complaint, viz. that appellee "bought" merchandise of appellant of the value of $487.50, and stated facts tending to show that the other material allegations of the complaint were untrue. Clearly that does not constitute new matter, within the meaning of the law. It is true that the answer also alleged that appellee had in his hands the sum of $300.25, which he held in his hands as bailee or agent of the appellant. That allegation, however, was only in explanation of the amount or value of merchandise delivered to appellee, and might well have been proved under the general denial. We are therefore satisfied that the answer contained no "new matter." That being so, then an issue was formed upon the complaint and answer, and there was no necessity for the filing of a reply. Whether the court erred in striking out the reply therefore becomes immaterial, but its action in granting the motion for judgment on the pleadings was erroneous. Its action in this

respect was erroneous because an issue of fact was be-
fore the court, which could be determined only in the
ordinary course of law, and that is true, even assuming
that the court was correct in striking from the files the
reply, because the issue was made upon the complaint
and answer, as we have heretofore said. It follows that
the judgment must be reversed.

[**2**]   One other proposition, however, should be dis-
cussed. The appellee contends that the trial court was
without jurisdiction to render the judgment it did ren-
der in this case, because the cause had been ordered
abated on December 6, 1915, and the court did not or-
der a reinstatement of the case until January 15, 1916.
The objection is founded upon section 4291, Code 1915,
a section of the law having to do with cost bonds and
the time and manner in which an abated cause may be
reinstated upon application. In the latter event it pro-
vides that:

"Should said parties at any time during said term file
with the clerk of the district court a good and sufficient
bond, such cause may upon application of said party be re-
instated on the docket of the court. * * * "

It is contended that the lapsing of the term of court
had the effect of legally preventing a reinstatement of
the cause, the statute limiting the time in which rein-
statement could have been made to the November, 1915,
term. One of the several reasons why there is no merit
in the contention is that the record before us is not suf-
ficient to review the question. The order of reinstate-
ment was made on January 15, 1916. The record of
this case does not show whether the November, 1915,
term of said court was in session at that time or had
adjourned. Appellee's counsel states that the court
took an indefinite recess on December 7, 1915, but
there is nothing in the record to show whether the
court convened or not in the interim between Decem-
ber 7, 1915, and January 15, 1916. If appellee would
have such question reviewed here, it was his duty to

file a transcript here showing such portions of the record of the trial court as were necessary for a consideration of the question presented. Baca et al. v. Unknown Heirs of Jacinto Palaez et al, 20 N. M. 1, 5, 146 Pac. 945. Appellee also contends that the bond for costs, given on appeal by the appellant, is insufficient as to form, but in view of the fact that the case will be reversed, and consequently the costs will be taxed against the appellee, it is not necessary to discuss or consider the proposition.

For the reasons stated, the judgment of the trial court will be reversed, and the cause remanded, with instructions to vacate the judgment rendered on the pleadings, and to proceed in a manner not inconsistent with this opinion; and it is so ordered.

