FIRST NAT. BANK OF ELIDA v. GEORGE et al.

(No. 2385.     March 18, 1920.)

(Rehearing Denied April 24, 1920.)

SYLLLABUS BY THE COURT.

1.  By statute, Codification 1915, § 4336, questions arising on attachment proceedings may be appealed to the Supreme Court "either before or after rendition of judgment on the indebtedness sued for."     P. 177

2.  In absence of statutory requirements, in an attachment suit a general judgment, execution, and levy on the property attached, while judgment does not mention the property attached nor order a special execution against it, does not thereby waive the attachment lien on said property.     P. 177

3.  The verdict of a jury which is supported by substantial evidence will not be disturbed on appeal.     P. 178

4.  Instructions requested which do not correctly state the law in an attachment case as to defendant's residence or nonresidence, his absence from his usual place of abode, etc., are properly refused.     P. 179

Appeal from District Court, Roosevelt County; Bratton, Judge.

Suit in attachment by the First National Bank of Elida against Cleve George and another with attachment. From a judgment dismissing the attachment, plaintiff appeals. Affirmed.

JOHN T. McCLURE, of Roswell, and T. E. Mears of Portales, for appellant.

GEORGE L. REESE and James A. Hall, both of Portales, for appellees.

OPINION OF THE COURT.

RAYNOLDS, J.   This is a suit in attachment brought by the plaintiff, the First National Bank of Elida, appellant here.   A judgment by default was obtained in the principal case and an appeal taken to this court in cause No. 2370, entitled First National Bank of Elida, v. Cleve George et al., 26 N. M. 46, 189 Pac. 240.   In case No. 2370, judgment of the   district court   was affirmed. Subsequently the attachment issue involved in said case was tried by the court with a jury, and upon a verdict in defendant's favor judgment was entered dismissing the attachment.   From this judgment of dismissal the present appeal is taken to this court.

The appellee has moved to dismiss the appeal on various grounds, one of which is that there is nothing for the appellate court to try, as the attachment issue could not be appealed after the main issue has been tried and appealed.

(1)   We think this contention is without merit.   The statute, section 4336, Code 1915, by its terms allows appeal to the Supreme Court in attachment cases on the attachment issue, either before or after the rendition of the judgment on the indebtedness sued for.

(2)   Again, it is urged on motion to dismiss that the attachment lien has been waived by taking a judgment and issuing execution on the main case.   It appears by the record in the present suit and in case No. 2370 that a personal judgment was taken against appellee George, in which no mention is made of the attachment, nor is an order entered to sell the attached property.   After this judgment was obtained execution was issued, levy made, and part of the defendant's property sold to satisfy such judgment.   Such proceedings, appellee con-

tends, waive the lien of attachment and leave nothing for this court to pass upon. The point is not well taken. The law is that, in the absence of any express statutory requirement, an order mentioning or setting forth the attached property and ordering special execution against it is not necessary, and a general judgment execution thereunder does not discharge the lien of the attachment. 6 C. J. (Attachment) §1147, p. 485, and cases cited. We have no statute in this state requiring such an order to preserve the attachment lien. The motion to dismiss is therefore denied.

The attachment affidavit and the answer denying the allegations therein constituted the issue which was submitted to the jury in the trial of this case below. The affidavit on which the attachment was based alleged as grounds for attachment: (1) That the defendant Cleve George was a nonresident of the state of New Mexico and did not reside within the state of New Mexico; and (2) that said Cleve George had absented himself from his usual place of abode in this state so that the ordinary process of law could not be passed upon him. In the trial of the case, the jury, in reply to two special interrogatories submitted to them, found that the defendant Cleve George was a resident of New. Mexico and resided in New Mexico at the date of the attachment affidavit, namely, October 8, 1918, and that he had not absented himself from his usual place of abode in New Mexico on said date so that the ordinary process of law could not be passed. upon him. The jury also, in a general verdict, found the issues in favor of the defendant on the attachment affidavit.

The appellant assigns 20 errors, the greater number of which are to the effect that the verdict and special findings were against the preponderance of the evidence, or the weight of the evidence, or not supported by the evidence.

(3) We have read the record carefully, and it fails to bear out these assignments. The evidence is conflicting on certain points, but all the findings are supported

by substantial evidence. Under such circumstances, the well-known principle which has often been laid down by this court applies, namely, that this court does not weigh evidence, and that, if the verdict of the jury or the findings of the trial court are supported by substantial evidence, they will not be disturbed on appeal. Goldenberg v. Law, 17 N. M. 546, 131 Pac. 499; Candelaria v. Miera, 13 N. M. 361, 84 Pac. 1020.

(4) Appellant contends that the court erred in refusing to instruct the jury as requested in his instruction No. 1, as follows:

"You are instructed that if you believe from all the evidence before you that the defendant Cleve George, on the 8th day of October, 1918, was not actually residing in and living at some place of abode in the state of New Mexico, and that on said 8th day of October, 1918, he, the said Cleve George, was actually residing and living at a place of abode in some state other than the state of New Mexico, giving to the words 'actually residing and living' their common, usual, and ordinary meaning; and you further believe from the evidence that on said date said Cleve George was indebted to the plaintiff upon the note introduced in evidence—then your verdict should be in favor of the plaintiff."

There was no error in the refusal of this instruction. The fact that a resident of New Mexico is not at the time actually residing and living at his place of abode or some other place of abode within the state does not give a creditor the right to attach his property for nonresidence. He may be temporarily absent and not actually living and residing in New Mexico. The purpose of the attachment law is not to give the right to seize property of one who is not actually residing and living in the state. Under this instruction, if the jury found that on the 8th day of October, 1918, the defendant was not actually, personally and physically at his home or place of abode in New Mexico, his property would be subject to attachment. This is not the law, and the court committed no error in refusing to give the instruction.

Appellant further contends that the court erred in refusing to give a second instruction requested by him to the effect that the jury must find for the plaintiff if they believed from all the evidence that the debtor's absence

was protracted for an unreasonable time, and the time of his return to his usual place of abode was indefinite and uncertain, and the character and extent of his absence are such as to hinder and delay his creditors for an unreasonable time in bringing suit, issuing and serving process for the collection of its debt owing by the defendant, and that the defendant's return to New Mexico was doubtful or questionable on the 8th day of October, 1918.

The court properly refused this instruction, as it submits to the jury the question of unreasonable or reasonable time of the defendant's absence, and whether it was a protracted or short absence; whereas, the real ground for the attachment is, not the length of time the defendant is absent from the state, but whether he has concealed himself, absconded or absented himself from his usual place of abode so that the process of law could not be passed upon him, and does not depend upon whether he is away a long or short time, or whether the jury considers his absence is for a reasonable or unreasonable time.

Appellant also urges that the court erred in refusing an instruction tendered by it to the effect that the test of residence under the attachment law of New Mexico is that summons, subpoena, or any ordinary process of law can be passed upon him, etc. This is not the correct test of residence under the attachment law, and the court committed no error in refusing it. A subpoena must be served personally, and there is no such thing as a substituted service for such process; but a summons may be served in different ways, as is shown by our statute upon service by publication, and section 4532, Code 1915, designates four different manners or methods in which original process may be served. If the defendant had a residence in New Mexico, service could be made upon him there, although the summons might not have been delivered to him personally. He could not, however, have been subpoenaed as a witness without personal service on him, and the instruction stating that residence, under the attachment law, meant such resi-

dence as enabled a subpoena to be served upon him personally, is an incorrect definition of residence and nonresidence as used in our attachment law.

Finding no error in the record, the judgment below is affirmed, and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.