11 P.(2d) 961

### CANTRELL et al. v. BUCK et al.

### No. 3648.

Supreme Court of New Mexico.
May 12, 1932.

Rehearing Denied June 11, 1932.

Reese & Reese, of Roswell, for appellant.

Caswell S. Neal, of Carlsbad, and George A. Threlkeld, of Roswell, for appellees C. J. and Noah Buck.

J. D. Atwood and H. C. Buchly, both of Roswell, for appellees Scott Meyer, Helen Meyer, and T. K. Caffall.

WATSON, J.

This is a suit to enjoin the maintenance of a dam and irrigation ditches on premises of the plaintiffs and to recover damages suffered thereby.

At the close of plaintiffs' case, defendants moved for judgment on the evidence, dissolving the temporary injunction and dismissing the complaint. The motion was sustained, and, from the final judgment following, plaintiffs have appealed.

Counsel agree that the motion sustained by the court is equivalent to a demurrer to the evidence.

Admittedly, plaintiffs had shown their ownership of the premises, and the intrusion by the defendants. The theory of the judgment is that they had failed to show that the intrusion was without right.

Appellants contend that they had made a prima facie case; that the right of the appellees, if they had one, was matter of defense; that appellants were not required to prove the negative of the issue, especially since the facts were peculiarly within the knowledge of their adversaries, and the proof of them peculiarly accessible to them. They cite Atchison, T. & S. F. Ry. Co. v. Rodgers, 16 N. M. 120, 113 P. 805.

On the other hand, appellees stress the fact that the complaint alleges that the dam was being maintained "without legal right or authority," and urge that, in the absence of proof thereof, appellants could not prevail.

It is not always that the negative character of the plaintiff's allegation will relieve him of proving it. Young v. Woodman, 18 N. M. 207, 135 P. 86. There it was held that an allegation of lack of consideration in a suit to cancel a contract must be established by proof, no matter how difficult it might be. So, also, in Navajo, etc., Co. v. Gallup State Bank, 26 N. M. 153, 189 P. 1108, it was held that, in a suit to recover a payment made under protest, the plaintiff must prove the illegality of the exaction.

In the last-cited case it was said that the question of burden of proof would generally be tested by inquiring which party had the affirmative of the issue, as determined by the pleadings. Applying that test in this case, we find that appellees answered by way of new matter, setting up the particular right by which they proposed to justify their acts. It would seem that they thus assumed the affirmative of the particular issue here in question. Without offering any proof of that

right, they claim the victory because appellants have failed to disprove, not only that right, but every other possible right.

In such state of the pleadings, it seems to us that it was proper for appellants to rest their case where they did, and to call upon appellees to make proof of the right which they had asserted. It has been held in this jurisdiction by the territorial Supreme Court that, in a suit for ejectment and for damages for taking ore, defendants, relying upon the apex rule, have the burden of proof, Bell v. Skillicorn, 6 N. M. 399, 28 P. 768; and that, in a suit by the government for conversion of timber, defendants, relying upon license, nave the burden of proof, U. S. v. Gumm Bros., 9 N. M. 611, 58 P. 398.

We should perhaps mention, in passing, a line of cases holding that the burden of proof is not assumed by the unnecessary or improper pleading of new matter; that is, matter not really in confession and avoidance, but which could have been proven under a mere denial. Walters v. Battenfield, 21 N. M. 413, 155 P. 721; Seinsheimer & Co. v. Jacobson, 24 N. M. 84, 172 P. 1042; Sais v. City Electric Co., 26 N. M. 66, 188 P. 1110; Bank of Commerce v. Duckworth, 27 N. M. 627, 204 P. 58.

Whether appellees properly pleaded their right as new matter, or whether it could have been proven under a denial of the allegation that their occupancy was without lawful right, we do not consider it necessary to determine. The cases just cited are distinguishable. In two of them the point arose upon instructions placing the burden of proof.

In the other two it arose upon the entry of judgment on the pleadings for failure to file a reply denying the supposed new matter.

The case at bar had been half tried. Whether properly or improperly, appellees had assumed the affirmative of the issue. They thus gave notice that they expected to prove it. Appellants replied. By practical construction of counsel, the issue was upon the particular right which appellees pleaded, rather than on the nonexistence of any right. To accept the view of appellees' motion, let them shift their position. It let them take advantage of their own improper pleading, if it was improper, to entrap appellants. We think that, under the pleadings, appellees should have been held to have asserted an affirmative defense, and have been required to prove it.

There is some argument to the effect that the requisite proof of the rights pleaded by appellees is to be found in the evidence already adduced, and in the opening statement of appellants' counsel, and that, consequently, the judgment should be sustained. Of this we are not persuaded. Nor do we think that this could have been the ground of the decision.

The judgment must be reversed. The cause will be remanded for further proceedings consistent with this opinion.

It is so ordered.

SADLER and HUDSPETH, JJ., concur.

BICKLEY, C. J., and PARKER, J., did not participate.