**ELMER BREWER and FLORIDA INDUSTRIAL COMMISSION v. PAN AMERICAN AIRWAYS, INC., HARTFORD ACCIDENT AND INDEMNITY COMPANY and FLORIDA INDUSTRIAL COMMISSION.**

24 So. (2nd) 521
January 22, 1946
Rehearing denied February 6, 1946

January Term, 1946
Division A

*Robert M. Thomson,* for appellant.

*McKay, Dixon & DeJarnette* and *Raymond E. Barnes,* for appellees.

BUFORD, J.:

This is a case under the Workmens Compensation Act.

The pertinent facts were succinctly stated by the deputy commissioner for the Industrial Commission as follows:

"The claimant, Elmer Brewer, while in the employ of Pan American Airways, Inc., Miami, Florida, on May 22, 1943, suffered an injury by accident when he was struck in the back, at the base of the spine, by a large buffer; that claimant was confined to the hospital for three days as a result of said injury and was given medical treatment for a period of nine weeks, after which he returned to work; that the employer paid claimant base pay during this period of disability; that in November of 1943 the claimant, while lifting a bag of sand, suffered a recurrence of the injury to his back and, as a result thereof, the carrier paid claimant compensation for fourteen weeks and six days, from November 9, 1943, to March 22, 1944, at the rate of $21.60 per week, based upon an average weekly wage of $36.00, during which period of time claimant was receiving medical treatment for his injury; that thereafter, on or about April 29, 1944, claimant went to work for the Miami Air Depot and on or about July 1, 1944, while in the employ of the Miami Air Depot, suffered a recur-

rence of the injury to his back when he attempted to lift a propeller blade, weighing about ninety pounds, and claimant has not been able to work since July 4, 1944."

Upon this state of facts the deputy commissioner found:

"1. That claimant suffered an injury by accident arising out of and in the course of his employment with Pan American Airways, Inc., on May 22, 1943.

"2. That claimant suffered a recurrence of said injury while in the employ of the Pan American Airways, Inc., on November 3, 1943.

"3. That claimant suffered a recurrence of said injury while in the employ of Miami Air Depot in July of 1944.

"4. That claimant has been totally disabled since July 4, 1944, as a result of said injuries.

"5. That claimant is in need of further medical attention." and thereupon made an award.

The award made by the deputy commissioner was appealed to the full Commission and the full Commission, after consideration thereof, affirmed the award. Thereupon appeal was taken to the Circuit Court and was heard by Judges Ross Williams, Richard Hunt and George E. Holt. Judges Hunt and Holt, upon findings states by them, reversed the award, while Judge Williams was of the opinion that the award should be affirmed and dissented from the opinion and judgment of Judges Hunt and Holt.

We find that the record overwhelmingly supports the findings of the Deputy Commissioner and, in fact, makes a stronger case than that presented by the findings of the Deputy Commissioner. It will be observed that the Deputy Commissioner found that in the lifting of a bag of sand in November, 1943, the claimant *"suffered a recurrence* (emphasis ours) of the injury to his back" . . . "and on or about July 1, 1944, while in the employ of the Miami Air Depot *suffered a recurrence* (emphasis ours) of the injury to his back when he attempted to lift a propeller blade."

We think that evidence clearly shows that the incident which happened in November, 1943, was not a *recurrence of the injury* to his back which occurred on May 22, 1943, but was the result of that injury from which he had never re-

covered, and a manifestation of the continuance of that injury.

We are also convinced that the incident which happened on or about July 1, 1944, was not a *recurrence of the injury* of May 22, 1943, but was the result of that injury and a manifestation of the continuance of that injury.

The facts appear to be that the man was seriously injured on May 22, 1943, by being struck in the back at about the base of the spine by a large buffer, from which injury he never recovered, and which injury so disabled him that he was unable thereafter to perform the sort of work which he had been accustomed to perform, and which injury caused his back to remain in such condition that attempting to lift heavy weights caused him great pain and suffering and make it impossible for him to continue at work. He demonstrated an exemplary spirit in making an honest effort to continue to earn a livelihood, regardless of his injury, for which we do not think he should be penalized.

The judgment of the Circuit Court should be, and is reversed with directions to affirm the award of the Florida Industrial Commission and also to enter a judgment for attorney's fees to be paid to Petitioner's attorney both for his services in the Circuit Court and in this Court in such sum as the Circuit Judges may determine is just and proper.

So ordered.

Reversed and remanded.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.