288 P.2d 699

George HANKS, Plaintiff-Appellee,

v.

Billy WALKER and Houston Fire and Casualty Insurance Company, Defendants-Appellants.

No. 5921.

Supreme Court of New Mexico.

Oct. 6, 1955.

Neal & Girand, Hobbs, for appellants.

Easley, Quinn & Stout, Hobbs, Warren Burnett, Odessa, Tex., for appellee.

KIKER, Justice.

George Hanks filed a claim as a workman for compensation for an injury alleged to have been suffered on September 27, 1953 while working in the course of his employment, for defendant, Billy Walker.

Claimant, called plaintiff in the claim, and appellee here, alleged that Houston Fire and Casualty Insurance Company was insurer for defendant Walker at the time of the alleged injury; and named said company as a defendant. He also alleged that his weekly wage was seventy dollars. These allegations were admitted. Defendant denied all other allegations in the claim.

The allegations denied by defendant were: that plaintiff suffered injury in the course of his employment while working for defendant; that plaintiff suffered a severe strain and sprain in the lumbar area, together with gross aggravation of a pre-existing hypertrophic arthritic condition in the neighborhood of the upper lumbar area, all resulting in total and permanent disability.

The facts at issue were tried to a jury and after instructions from the court five interrogatories were submitted. The answers of the jury establish the fact that plaintiff was injured by accident at the time charged, in the course of his employment while working for defendant Walker and that he is presently disabled to the extent of fifty per cent.

There was no general verdict.

Judgment was entered upon the determination of the jury, ordering that plaintiff recover from defendants fifteen dollars per week, beginning October 25, 1953, and continuing during the period of his disability not exceeding 546 weeks, subject to further order of the court; and for fees for his attorneys in the sum of twelve hundred dollars. From this judgment the appeal was taken.

Defendant-appellant has assigned two errors: 1.) the refusal of the court to give his requested instruction No. 13; and 2.) the refusal of the court to give his requested instruction No. 14.

These assignments are presented in defendant's argument under this point:

"Point No. 1

"The Defendant In A Workmen's Compensation Action Is Entitled To Have His Theory Of The Defense Submitted To The Jury By Specific Instructions If The Theory Is Fairly Within The Evidence And Issues."
Instruction No. 13, refused, reads:

"If you find and believe from a preponderance of the evidence that plaintiff was injured while working for Billy Walker yet further find and be-

lieve that he thereafter recovered to the extent that he should return to work and that he thereafter became disabled from another accident or from other causes you should answer Interrogatory No. 3 in the negative."

Instruction No. 14, refused, reads:

"If you find and believe from the evidence that plaintiff was injured while working for Billy Walker yet find and believe that he recovered to the extent that he was able to return to work and thereafter the injury he received while working for Walker was aggravated by other circumstances and he became disabled he is not entitled to recover from Walker in this action and you should answer Interrogatory No. 3 in the negative."

Point No. 1, quoted above, correctly states the law.

Plaintiff in his brief, referring to defendant's brief, says:

"The proposition is urged that if a requested instruction is erroneous in whole or in part, it is properly refused. Many New Mexico cases are cited on the point. We believe it is the law of New Mexico that an instruction should be refused if it is not proper."

With this admission, it becomes necessary to determine these questions only: 1.) Is the subject matter of either, or both, of the requested instructions within the issues? 2.) Is the evidence taken sufficient to justify giving either or both of the requested instructions? 3.) Is the statement of either or both of the instructions, legally correct?

■ We answer question numbered one above in the affirmative. The issues were joined upon admissions and denials of plaintiff's allegations and by statements of certain affirmative defenses. There is no suggestion of error about the affirmative allegations or to any evidence offered to support them. Proof of any fact asserted in either of the requested instructions was admissible under the denials in the answer. Affirmative proof of any fact which serves only to disprove plaintiff's allegations is admissible under a general denial. Walters v. Battenfield, 21 N.M. 413, 155 P. 721; Seinsheimer & Co. v. Jacobson, 24 N.M. 84, 172 P. 1042; Sais v. City Electric Co., 26 N.M. 66, 188 P. 1110; Bank of Commerce of Taiban v. Duckworth, 27 N.M. 627, 204 P. 58; Cantrell v. Buck, 36 N.M. 208, 11 P.2d 961.

In considering the question numbered two above we must deal separately with the assignments.

Is the evidence to which our attention is called in the briefs sufficient to require the giving of requested instruction No. 13?

This instruction allows for a finding that plaintiff suffered injury while working for defendant, without assuming any fact. Then it tells the jury that if there was such

an injury and later such recovery that plaintiff *"should return to work"* but that, thereafter, he was disabled by reason of accident or other cause, Interrogatory No. 3 should have a negative answer.

Interrogatory No. 3 reads:

"Do you find from a preponderance of the evidence that plaintiff is now disabled as a result of the accident?" (Meaning the first accident).

The answer of the jury was "yes". A negative answer would have ended the case in favor of defendants.

■ Appellant asserts that in a jury trial a party is entitled to have his theory of the case submitted to the jury by specific instruction if that theory is supported by substantial evidence. Appellee admits that the proposition so stated is sound provided the theory is both pleaded and supported by substantial evidence, so, we hold the pleadings sufficient for the purpose of giving requested instruction No. 13 if it is supported by substantial evidence and is legally correct. The admitted proposition has support in a number of our decisions. From Stewart v. Oberholtzer, 57 N.M. 253, 258 P.2d 369, 370, we quote:

"In this jurisdiction, it is prejudicial error to refuse to instruct specifically on a litigant's theory of the case, providing such theory is pleaded and there being evidence to support it." See also cases cited therein: Salazar v. Garde,

35 N.M. 353, 298 P. 661; Clay v. Texas-Arizona Motor Freight, Inc., 49 N.M. 157, 159 P.2d 317.

Defendant says there is ample evidentiary support for giving his requested instruction No. 13 in testimony of appellee: that his injury prevented him from working for five months; that thereafter he worked for a trucking company for about a week; and for Howard Holmes Drilling Company for about six weeks; that his work at these jobs was hard manual labor; that he worked long hours; that in his written application for work to Holmes Drilling Co. he said that he had a back injury in 1953 but had no defect at the time of the application. About the defect, appellee testified that though he made the statement, it was untrue and was made for the purpose of getting a job.

Defendant, in addition, relies upon some testimony of a superintendent or foreman of the drilling company as to the employment and claimed discharge of plaintiff, by another at his order; and upon medical testimony and certain motion pictures requiring about 25 minutes out of a period of about four hours devoted by the photographer in his effort to get the pictures. They are pictures of defendant at work.

■ While this testimony, as far as it goes does offer support in part for defendant's tendered instruction No. 13 we find no substantial evidence that there was ever a

time after the injury when because of his physical condition it could be said defendant "should return to work" and we find no substantial evidence that, after the injury, plaintiff was "disabled from another accident or from other causes."

'There was evidence by a witness, the last employer's superintendent, that he instructed another man, a foreman, to discharge plaintiff for drunkenness and that he and the superintendent had never seen plaintiff show disability, but this evidence does not show that the superintendent saw the plaintiff in a drunken condition and doesn't show how frequently, if ever, the superintendent saw plaintiff at work. There is also evidence that a timber of some kind rolled down and struck plaintiff on one leg, or ankle, but there is no evidence that he was in any way disabled by that accident or that it had anything to do with the condition of his back then or thereafter.

The testimony above referred to, applies also to the test as to appellant's requested instruction No. 14, as does also the absence of substantial evidence showing that plaintiff so far recovered from the injury received while working for Walker that he was physically able to obtain and retain work of the kind and character for which his training and experience qualified him.

■ We find also that neither of the two requested instructions was legally correct.

No. 13 was indefinite in speaking of appellant's recovery "to the extent that he should return to work". That expression might easily convey different meanings to different jurors. The word "should" is defined as denoting duty in Moseley v. Kansas City, 170 Kan. 585, 228 P.2d 699; it was taken as being merely directory in Texas & P. Ry. Co. v. Consolidated Companies, 180 La. 180, 156 So. 215; it is said to be synonymous with "may" in Chicago & E. R. Co. v. Meech, 163 Ill. 305, 45 N.E. 290; it is held synonymous with "ought" meaning "to be bound in duty or by moral obligation, to be necessary or becoming" in State v. Blaine, 45 Mont. 482, 124 P. 516; Thompson v. Quincy O. & K. C. R. Co., Mo.1929, 18 S.W.2d 401; Perez v. State, 146 Tex.Cr.R. 241, 172 S.W.2d 314.

■ The instruction is faulty also in that it does not take into consideration the ability of appellant to retain employment found. In this particular it is not consistent with instruction No. 3, given by the court, to which defendant did not object.

The trial court instructed the jury with reference to total disability:

"Total disability—means the inability of a workman to obtain and *retain* gainful employment in work for which he is fitted from the standpoint of the background, experience and education of the workman."

The court then defined partial disability and further instructed:

"In determining whether or not claimant is totally disabled or partially disabled to any extent, the jury should consider the evidence bearing upon the activities of the plaintiff, his age, education, training and general physical and mental capacity and adaptability, and from the evidence in the case determine a full and fair percentage of impairment of earning capacity, if any is shown."

Defendant made no objection to these or any instructions, given by the trial court.

■ That defendant's requested instruction No. 13 was inconsistent with, and contradictory to, the court's instruction is apparent from the omission from the requested instruction of any mention of appellant's ability to retain employment. To obtain employment is not enough. To be free from total disability, a workman must be physically able to do the work required of him in employment, of the character stated in the court's instruction. The court instructed, without objection, that to be partially disabled the workman must be in such condition that his earning capacity is impaired, though he can do some work.

As to ability to retain employment after obtaining it, appellant's requested instruction No. 14 is subject to that said above as to requested instruction No. 13. It is also erroneous, we think, in its statement that if appellant "was able to return to work and thereafter the injury he received while working for Walker was aggravated by other circumstances, and be became disabled, he is not entitled to recover from Walker in this action and you should answer Interrogatory No. 3 in the negative."

■ The mere belief on the part of a workman that he is able to return to work is not sufficient to prevent his being entitled to compensation. If a workman so believing returns to work but finds he is in constant pain while working, then he is not in a condition which will cause his compensation for an injury to cease.

The requested instruction presupposes that the injury received while working for the defendant still existed and even so, if due to some cause or some circumstance that injury was reactivated, then he, the workman, cannot recover.

The evidence shows no causal connection between the work being done by the plaintiff while working for either of his employers following the injury sustained while working for Walker, and his disability. In fact the evidence may be said to show that plaintiff sustained no disabling injury after that which occurred while he was employed by defendant. Plaintiff's testimony is to the effect that he was in pain at all times while

working for the drilling company and the best that can be said of testimony for defendant is that plaintiff was discharged for drunkenness by the superintendent of the drilling company.

■ It may be said also that defendant's requested instruction No. 14 should not have been given for the reason that it is indefinite and uncertain in its use of "aggravation by other circumstances". The expression might mean so many different things that it could only lead the jury into the realm of speculation and surmise.

■ In the Evans' case, 299 Mass. 435, 13 N.E.2d 27, 28, Section 4 of the Syllabus states:

"Where there have been several compensable injuries received by employee during the successive periods of coverage of different insurers, the subsequent incapacity must be compensated by the one which was the insurer at the time of the most recent injury that bore causal relation to the incapacity."

See also Borstell's case, 307 Mass. 24, 29 N.E.2d 130. The Massachusetts rule is followed in some other states. It is doubtless correct, but as we have said, in this case no causal connection is shown between any injury during the period of work for either of the last employers and the disability found by the jury.

In Brewer v. Pan American Airways, 156 Fla. 812, 24 So.2d 521, the facts are stated by the Industrial Commission and adopted by the Court, as follows:

" 'The claimant, Elmer Brewer, while in the employ of Pan American Airways, Inc., Miami, Florida, on May 22, 1943, suffered an injury by accident when he was struck in the back, at the base of the spine, by a large buffer; that claimant was confined to the hospital for three days as a result of said injury and was given medical treatment for a period of nine weeks, after which he returned to work; that the employer paid claimant base pay during this period of disability; that in November of 1943 the claimant, while lifting a bag of sand, suffered a recurrence of the injury to his back and, as a result thereof, the carrier paid claimant compensation for fourteen weeks and six days, from November 9, 1943, to March 22, 1944, at the rate of $21.60 per week, based upon an average weekly wage of $36.00, during which period of time claimant was receiving medical treatment for his injury; that thereafter, on or about April 29, 1944, claimant went to work for the Miami Air Depot and on or about July 1, 1944, while in the employ of the Miami Air Depot, suffered a recurrence of the injury to his back when he attempted to lift a propeller blade, weighing about

ninety pounds, and claimant has not been able to work since July 4, 1944.' "

An award having been made by the commissioner who heard the evidence and the full commission thereafter having affirmed the award on appeal to it; and the circuit court, at which three judges presided, having considered the award made by the commission, reversed the commission, one judge dissenting. The case then was taken into the Supreme Court of Florida. We quote from that court the following:

"We think that evidence clearly shows that the incident which happened in November, 1943, was not a *recurrence of the injury* to his back which occurred on May 22, 1943, but was the result of that injury from which he had never recovered, and a manifestation of the continuance of that injury.

"We are also convinced that the incident which happened on or about July 1, 1944, was not a *recurrence of the injury* of May 22, 1943, but was the result of that injury and a manifestation of the continuance of that injury.

"The facts appear to be that the man was seriously injured on May 22, 1943, by being struck in the back at about the base of the spine by a large buffer, from which injury he never recovered, and which injury so disabled him that he was unable thereafter to perform the sort of work which he had been accustomed to perform, and which injury caused his back to remain in such condition that attempting to lift heavy weights caused him great pain and suffering and made it impossible for him to continue at work. He demonstrated an exemplary spirit in making an honest effort to continue to earn a livelihood, regardless of his injury, for which we do not think he should be penalized."

We think the language of the Florida court just quoted displays correctly the kind and character of the injury suffered by plaintiff; and we agree with plaintiff that defendant's requested instructions No. 13 and No. 14 are, and each is, in conflict with, and contradictory to instructions given by the court without objection; that they are not, and neither is, legally correct; and that, if given, they would have been confusing instead of helpful, to the jury in reaching an understanding of the law governing the evidence.

 A request for an erroneous instruction is properly refused. Childers v. Southern Pac. Ry. Co., 20 N.M. 366, 149 P. 307; First Nat. Bank of Elida v. George, 26 N.M. 176, 190 P. 1026; Faubion v. Tucker, 58 N.M. 303, 270 P.2d 713.

The trial court did not commit error in refusing either of the two requested in-

structions. The judgment appealed from should be affirmed, and plaintiff-appellee should be allowed attorney fees in this court in the amount of six hundred dollars.

It is so ordered.

COMPTON, C. J., and LUJAN and SADLER, JJ., concur.

McGHEE, J., concurs in the result.