(No. 2370.   March 18, 1920.)

# FIRST NAT. BANK OF ELIDA v. GEORGE et al.

## SYLLABUS BY THE COURT.

1.   In an action in attachment where defendant appears and moves to quash a writ but does not plead to the complaint, a judgment by default on the case in chief may be properly entered against him, although the motion to quash the writ is still undetermined.                                    P. 48

2.   Obvious clerical errors in the exhibit attached to a complaint may be disregarded when a default judgment is taken or corrected subsequently to correspond to the proof offered.
                                                                P. 50

Appeal from District Court, Roosevelt County, Mc-Clure, Judge.

Suit by the First National Bank of Elida, N. M., against Cleve George and B. F. Bennett, with attachment.  Judgment against defendants by default, motion to vacate the judgment denied, motion to amend the attachment bond granted, and from the final judgment and the orders defendants appeal.  Affirmed.

G. L. REESE, of Portales, for appellants.

T. E. MEARS, of Portales, for appellee.

## OPINION OF THE COURT.

RAYNOLDS, J.   This case arose out of the following facts:  On October 8, 1918, plaintiff below, appellee here, filed suit against one Cleve George and B. F. Bennett on a joint and several promissory note for $1,158. At the same time, plaintiff filed an affidavit in attachment, alleging as a ground that the defendant Cleve George was a nonresident of New Mexico and was a resident of Texas.   On October 9, 1918, plaintiff filed a second affidavit in attachment against B. F. Bennett, alleging as a ground for attachment that said Bennett was about to remove his property and affects from the state of New Mexico so as to hinder, delay, and defraud

his creditors. In both of these affidavits plaintiff prayed that a writ of attachment issue, and on the 8th day of October, 1918, filed an attachment bond in the sum of $2,800, payable to the state of New Mexico. On October 18, 1918, a writ of attachment and summons was filed with the clerk, the sheriff's return showing that he had attached the property of Cleve George on October 8, 1918, and that subsequently, on October 18, 1918, he had served the defendant George with a true copy of the summons and complaint attached thereto by delivering said papers to him, the said defendant, in person. The sheriff also certified that he served the defendant B. F. Bennett in person on October 8, 1918.

On November 6, 1918, defendants, George and Bennett, filed a motion to quash the attachment on the grounds that no attachment bond was executed and filed prior to the issuance of the writ; that the bond was not payable to the defendants as it was required by law to be, and was not executed in at least double the amount alleged to be due plaintiff.

On November 9th plaintiff moved for judgment against defendants, Cleve George and B. F. Bennett, on the ground that they had been personally served and were in default, not having answered the complaint, nor in any manner pleaded thereto. The same day the clerk made a certificate, and both defendants had been served with summons and a copy of the complaint, and also with a writ of attachment and summons on October 18th, and that no appearance or pleading for said defendants, except a motion to quash the writ of attachment, had been filed in the clerk's office.

On November 13th, judgment was taken against defendants, by default, which was filed on November 15th. The judgment was a personal one and does not mention the attachment issue nor the property attached.

A motion to vacate said judgment was filed on the ground, among other things, that the defendants were

not in default when it was taken. This motion to vacate was denied. Subsequently, December 27, plaintiff filed a motion to amend his compaint to conform to the evidence given when the default judgment was taken, which motion was granted. On the same day, December 27, 1918, a motion was filed for leave to amend the attachment bond and have the same relate back to the inception of the attachment. This motion was granted March 12, 1919, nearly three months later, the court allowing plaintiff three days in which to file and have approved a sufficient attachment bond, or, on failure to have such bond filed and approved within three days, defendants' motion to quash attachment would be granted.

Exceptions were taken by the defendants to the action of the court at each step in the proceedings hereinbefore set out. An appeal was prayed and granted on February 21, 1919, from the final judgment entered on November 15, 1918, and from the order of the court overruling defendants' motion to set aside such judgment.

[1] The appellant assigns seven errors, four of which may be included in the one assignment, that the court erred in rendering a default judgment against the defendants below because the record shows defendants were not in default of appearances.

The appellee relies on the case of Ripley v. Aztec Mining Co., 6 N. M. 415, 28 Pac. 773, where the defendant traversed the affidavit of attachment but did not plead to the declaration. Judgment was taken against him, and the only question in that case was whether such judgment could be taken when the issue raised in the attachment was still pending and undisposed of. The court decided that such a course was proper and the judgment would be taken on the main issue while the attachment issue was undetermined. Unless the statute law in this state has been changed in regard to attachments, this decision is controlling in the present case. Appeals may now be taken from a judgment on

the attachment issue. Sections 4335 and 4336, Code 1915. But except for this change the statutes on this branch of attachment are the same as in 1892, when the case of Ripley v. Mining Co., supra, was decided. Section 4309, Code 1915, as to attachments, and section 1934, C. L. 1884, are the same, as are also sections 4188, Code 1915, and section 2061, C. L. 1884, as to default judgments. Section 4309, Code 1915, is as follows:

"Original writs of attachment shall be issued and returned in like manner as ordinary writs of summons; and when the defendant is cited to answer the action, like proceedings shall be had between him and the plaintiff as in ordinary actions on contracts, and a general judgment may be rendered for or against the defendant."

It is urged by appellant that section 4107, Code 1915, being the part of chapter 107, Laws 1907, providing the order of pleading shall be as follows: (1) Legal exceptions; (2) pleas in abatement; (3) pleas in bar— changes the procedure in a case of this kind, and that, while a motion to quash is pending and undisposed of, judgment cannot be taken by default until it is first determined.

This contention may be correct as to the attachment issue, but not as to the main issue in the case. The plaintiff in attachment tenders two issues: (1) His right to have the remedy by attaching defendant's property to secure him for the debt or claim he alleges to be due him, and (2) the right to recover generally upon the claim in suit. The defendant must meet both issues if he does not wish to waive or be in default as to one or both of them. If he moves to quash the attachment and goes no further, service having been made upon him, he will be in default at the end of the statutory time for pleading on the main issue. He may plead to the main issue and waive the attachment issue or he may plead to the attachment issue and waive or confess the main issue. If defendant is successful on the main issue, the attachment, of course, is dissolved. The right to appeal, by section 4336, is given to either party on the

attachment issue; but we hold that a motion made as to the attachment issue will not prevent action being taken in the other branch of the case, even though the motion is not disposed of. If defendants seek to defend against the attachment proceeding and the main issue at the same time, proper steps must be taken to meet both issues.

We therefore hold that the court committed no error in giving judgment by default against the defendants on the main issue in this suit, although there was a motion to quash the attachment outstanding and undetermined at the time such judgment was taken.

[2] · It is further assigned the court erred in rendering judgment because the complaint showed on its face that the note on which the cause of action was based was not due and payable. This is strictly true because the date shown in the exhibit attached to the complaint was 1918 and it should have been 1917. It was subsequently amended to read ''1917.'' This was clearly an obvious clerical error as shown by the allegations in the complaint and in the attachment affidavit setting out the correct date. The court properly disregarded the error in giving judgment—especially in a case like the present one where the defendant was in default and not in a position to complain. This also applies to the amendment allowed after judgment where plaintiff amended his complaint to correspond to the proof offered at the time the default judgment was taken.

As to the seventh assignment of error that the court erred in allowing plaintiff to amend his attachment bond, it is evident from what we have heretofore said that the attachment issue is not before us in this case. No judgment was entered nor action taken upon the attachment issue, and it was not included in the appeal which, by the terms of the order allowing it, was from the judgment of November 15, 1918, and the order refusing to set said judgment aside.

Finding no error, the case is therefore affirmed, and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.