(No. 2357.    Jan. 31, 1920.)

## ROBERTS v. LUBIN.

### SYLLABUS BY THE COURT

The delivery of an automobile to one to be repaired does not thereby clothe the bailee with the indicia of ownership to the extent that upon sale by the bailee of the property to a third person the bailor cannot recover the property from the purchaser, but the principle of caveat emptor applies.

Appeal from District Court, Chaves County; McClure, Judge.

Action in replevin by H. B. Roberts against Edward Lubin. Judgment for defendant, and plaintiff appeals. Reversed, with instructions to enter judgment for plaintiff.

TOMLINSON FORT, of Roswell, for appellant.

HIRAM M. DOW, of Roswell, for appellee.

### OPINION OF THE COURT

RAYNOLDS, J. This case arose out of the following facts:

The plaintiff below, H. B. Roberts, appellant here, purchased on July 24, 1918, at Roswell, three second-hand automobiles from one H. T. Bailey, and gave his note for them. No bill of sale was made. He turned the

cars over to C. H. Jones, who took them to his ranch in the country about two miles from Roswell. Jones was a mechanic who also had a small farm, and the plaintiff testified he let Jones take the cars to his ranch because at that time there was no room in the garage which the plaintiff later, but on the same day, purchased from Bailey. Roberts, the plaintiff, further testified that Jones owed him some money, and that Jones agreed to repair these cars so that they could be sold and pay plaintiff what he owed him by doing this repair work. Jones had suggested the purchase of these cars to plaintiff. Unknown to plaintiff, Jones had placed his name upon the note given by plaintiff to Bailey for the purchase of the cars. About August 1, 1918, defendant, Edward Lubin, purchased one of these cars from Jones, who absconded with the money received from the purchase. Plaintiff, Roberts, then brought an action in replevin against the defendant, Lubin, for the car.

It does not appear that defendant knew of the arrangement between plaintiff and Jones, but that he was a purchaser in good faith, acting upon the supposition that Jones owned the car in question; Jones stating to him as he testified, that he was the owner. Defendant, Lubin, knew nothing of the note in question, nor of any claim of the plaintiff, Roberts, but apparently relied upon the possession of Jones and his statements as to his ownership of the car. Jury was waived and the case was tried before the judge, who gave judgment for the defendant, Lubin, awarding him the car. No findings of fact were made, but in an oral opinion the trial judge held that the principle involved in the case was that where one of two innocent persons should suffer for fraud or deception of a third the one who had made such fraud or deception possible should bear the loss. From the judgment rendered the plaintiff appeals to this court, assigning as error the action of the lower court in rendering judgment against him and in favor of the defendant.

The appellant contends that the principle of caveat

emptor applies to this case, and that the facts brought out on the trial do not work an estoppel as to him.

As stated by the trial judge in his oral opinion, the evidence is uncertain and hazy, but he apparently did not base his judgment upon the fact that the plaintiff failed to make out a case as to his ownership of the car, but on the fact that he, plaintiff, had, by his action, clothed Jones with the indicia of ownership and that he was estopped by this action.

It appears that the plaintiff took no affirmative steps which misled defendant, unless it can be said that his allowing Jones to have possession of the car for repair is one. Defendant did not know about the note by which, in the controversy between Jones and the plaintiff, Jones might have claimed to be the joint owner. The trial judge laid stress on the fact that the cars were not left in plaintiff's garage, but were turned over to Jones and taken by him to his ranch; that plaintiff had no bill of sale of them; and that the note, although it was never seen nor considered by the defendant, was nevertheless a joint note and made Jones a joint owner. Can it be said that as a matter of law the delivery of possession of an automobile to Jones, under the circumstances in this case, amounted to clothing him with the indicia of ownership and estopped the plaintiff? We think not.

In our opinion Jones was a bailee for the purpose of repairing the cars, and the defendant purchased from him at his peril. As is said in an elaborate note, at page 761, Davis v. First National Bank, 6 Ind. T. 124, 89 S. W. 1015, 25 L. R. A. (N. S.) 760:

"Does the owner of a chattel run the risk of losing it by parting with possession? Has the mere holder of such property such ostensible ownership that third persons may deal safely with him on the strength of the apparent title? These questions in effect are answered in the affirmative in Davis v. First National Bank, but no shadow of support is to be found in other jurisdictions for the rule adopted by the Indian Territory court."

Roberts v. Lubin, 25 N. M. 658.

## Again in the same note, at page 773:

"The owner of a diamond, by knowingly intrusting it to a dealer in jewelry for the purpose of obtaining a match for it, or, failing in that, to get an offer for it, does not thereby so put it in the power of the bailee to act as apparent owner as to estop the bailor from setting up title as against a subsequent purchaser without notice. Levi v. Booth, 58 Md. 305, 42 Am. Rep. 332. The court says that it is very clear that the bare possession of goods by one, though he may happen to be a dealer in that class of goods, does not clothe him with power to dispose of the goods as though he were the owner, or as having authority as agent to sell or pledge the goods to the preclusion of the right of the real owner. If he sells as owner, there must be some other indicia of property than mere possession; there must be some act or conduct on the part of the real owner whereby the party selling is clothed with the apparent ownership or authority to sell, and which the real owner will not be heard to deny or question to the prejudice of the innocent third party, dealing on the faith of such appearances. If it were otherwise, people would not be secure in sending their watches or articles of jewelery to a jeweler's establishment to be repaired, or cloth to a clothing establishment to be made into garments.

"One who leaves jewelry with a bailee for safe-keeping is not estopped from recovering it from a pledgee of the bailee, because of the fact that the delivery of the property to the bailee clothes him with apparent ownership thereof. Shafer v. Lacy, 121 Cal. 574, 54 Pac. 72.

"If watches were, with the knowledge and consent of the owner, in possession and apparent ownership of one to whom they were delivered for repair, the owner will nevertheless not be estopped from ascertaining title as against a bona fide pledgee of the bailee. Hildeburn v. Nathans, 1 Phila. (Pa.) 567. The court says that it is fortunate that it is so, for, if otherwise, no one could lend, hire, or in any way transfer the custody and control of personal property to another without putting himself at the mercy of the person thus intrusted; and a large part of the business of life—all that is comprised under the great legal head of bailment—would come to a standstill, or at best be very seriously impeded."

This case should therefore be reversed, with instructions to enter judgment for the plaintiff; and it is so ordered.

PARKER, C. J., and ROBERTS, J., concur.