(No. 2513. Jan. 6, 1922.)

## BANK OF COMMERCE OF TAIBAN v. DUCKWORTH et al.

### SYLLABUS BY THE COURT

(1) In a replevin suit to recover cattle held under a chattel mortgage for breach of condition in such mortgage, where a third person claims some of the cattle as his own under a bailment to the chattel mortgagor, it is error to instruct the jury that "there is no evidence in this case that at the time the mortgage in question was executed the plaintiff had any knowledge of such contract. Therefore if the defendant Duckworth at that time mortgaged to the plaintiff bank any cattle that may have been intrusted to him by Knox, it was entitled to the possession of the same at the time this action was begun," because mere possession by one without other indicia of ownership does not give the possessor the right to convey any better title than he has.          P. 629

(2) In a replevin suit to recover cattle under a breach of the conditions of a chattel mortgage, it is error to instruct the jury that the burden of proof is upon a defendant, who claims some of the cattle in question, to prove his claim by preponderance of evidence, for the burden in a replevin suit is upon the replevin plaintiff to prove his right to possession, and the defendant's claim of ownership amounts only to a

general denial of the plaintiff's right to possession. It is not new matter as to which the burden of proof is upon him.
P. 630

(3)   A requested instruction as to the construction of a chattel mortgage considered, and **held** properly refused.
P. 630

Appeal from District Court, Union County; Leib, Judge.

Action by the Bank of Commerce of Taiban, N. M., against W. A. Duckworth and another. Verdict and judgment for plaintiff, and defendants appeal. Reversed and remanded, with instructions to award a new trial.

G. L. Reese, of Portales, for appellants.

James A. Hall, of Clovis, and O. P. Easterwood, of Clayton, for appellee.

#### OPINION OF THE COURT

RAYNOLDS, C. J.   This is an action in replevin, brought by the Bank of Commerce of Taiban, N. M., against W. A. Duckworth and F. P. Knox, to recover possession of 185 head of cattle.

Plaintiff alleged the execution of a chattel mortgage on said cattle by Duckworth and a breach of the conditions of said mortgage entitling it to the possession of the property therein conveyed.   The defendant Knox answered, pleading general denial of the allegations in the plaintiff's complaint, and claimed to be the owner of some of the cattle which had been levied upon, and further alleged that the cattle claimed by him were not described, included in, nor covered by the chattel mortgage.   In his answer he further alleged that these cattle were delivered to the defendant Duckworth by him prior to the time the chattel mortgage was executed under a verbal agreement that Duckworth should run the cattle, care for, and feed them at his own ex-

pense for a term of five years, and he should receive for his services one-half the increase of the same, and return to the defendant Knox the original cows so delivered, and one-half of the increase at the end of such term. He further alleged that the plaintiff knew the terms of the verbal contract at the time the mortgage was executed.

The defendant Duckworth answered, admitting the execution of the notes and mortgages mention ed in the complaint, but alleged the mortgage was a renewal of former mortgages on the same property; that the plaintiff knew the actual number of cattle at the time of the mortgage was only 300 head, and that either by mutual mistake or by act of the mortgagee, without defendant's consent, the number of cattle included in the mortgage was increased from 300 to 578 head.

Plaintiff, in reply to the answer of the defendant Duckworth, denied the allegations in said answer. Upon the issue thus made the trial was had before a jury, and verdict returned in favor of the plaintiff, Bank of Commerce. From the judgment upon this verdict the defendants, Knox and Duckworth, appeal to this court.

Appellants assign numerous errors, but in their brief confine their argument to four propositions:

[1] First. The appellants alleged the court erred in instructing the jury that there was no evidence in the case that at the time the mortgage was executed the plaintiff had any knowledge of an oral contract under which the defendant Knox claimed the cattle, and therefore plaintiff was entitled to the possession of them. The instruction complained of is as follows:

"As to the verbal contract testified to by the defendant Knox and the defendant Duckworth about the running of

the former's cattle, you are instructed that there is no evidence in this case that at the time the mortgage in question was executed the plaintiff had any knowledge of such contract; therefore, if the defendant Duckworth at that time mortgaged to the plaintiff bank any cattle that may have been intrusted to him by Knox, it was entitled to the possession of the same at the time this action was begun. An oral contract of that character is not a partido contract under our law and would have no validity as to one acquiring rights to the live stock involved without notice of such contract."

In our opinion this instruction is erroneous, as mere possession without other indicia of ownership does not give the possessor the right to convey any better title than he has. See Roberts v. Lubin, 25 N. M. 658, 187 Pac. 551, where the effect of possession of a chattel is discussed and the prevailing rule announced.

[2] Second. Appellants assign as error the action of the court in instructing the jury that the burden of proof was upon Knox to prove the affirmative allegations in his answer by a preponderance of evidence; appellants contending that Knox's ownership as alleged in his answer was a mere denial of the allegations in the complaint of the plaintiff that it was entitled to the possession, and that the burden was upon the bank to prove its right to possession and ownership before it could recover, and that the burden was not upon Knox to prove his ownership. We think this point is well taken. The allegations in the answer added nothing to the defendant's right. He could have proved his ownership under a general denial, and his allegations as to the manner in which he derived his title were surplusage and not new matter. 23 R. C. L. Replevin, Sec. 127; 10 R. C. L. Secs. 45, 48, 50; 34 Cyc. 1501; Walters v. Battenfield, 21 N. M. 413, 155 Pac. 721; Seinsheimer v. Jackson, 24 N. M. 84, 172 Pac. 1042.

[3] Third. Appellants assign error in the refusal

of the court to give the following requested instructions:

"You are instructed that a mortgagee who is entitled to foreclose his mortgage has the right to maintain an action in replevin to recover the property described in the mortgage for the purpose of foreclosure of the mortgage, but that this right to replevin does not entitle the mortgagee to take any other property thereby than that which is described in the mortgage."

The instrument under which the foreclosure and replevin suit was brought, after reciting the number of cattle and the brands thereof mortgaged to the bank, contained this language:

"Together with all the increase thereof and accretions or additions thereto, whether by purchase or otherwise."

It is clear that the requested instruction as applied to this case was too narrow and misleading. It was properly refused, as the mortgage included by its terms other cattle than those specifically described in it.

Fourth. The appellant contends that the verdict is uncertain, and that no judgment could be properly rendered upon it, because it did not sufficiently describe the cattle; that they could not be identified by it, and that it did not determine the question of unlawful detention. As this case will be reversed for the erroneous instructions considered above, it is unnecessary to consider this assignment.

For the reasons above stated, the case is reversed and remanded, with instructions to award a new trial; and it is so ordered.

PARKER, J., concurs.

DAVIS, J., did not participate in this opinion.