(No. 2716.   April 13, 1923.)

SKARDA v. FIRST MORTGAGE LOAN CO. OF CLOVIS et al

SYLLABUS BY THE COURT.

1.  Findings of fact made by the trial court on conflicting evidence, when supported by substantial evidence, will not be disturbed on appeal                                   P. 538

Skarda v. First Mort. Loan Co. of Clovis et al., 28 N. M. 536

2.   In a suit to foreclose a chattel mortgage executed by A. and B., plaintiff alleged that the sheep described in his mortgage were all the sheep owned by said A. and said B. on a certain ranch.   Defendants claimed under mortgages on said sheep executed by B. alone.   Held, that plaintiff is not estopped to contest B.'s interest in the sheep.          P. 539

3.   Delivery of sheep by the owner to another to be cared for does not clothe such other with the indicia of ownership to the extent of preventing a mortgagee of the owner from prevailing, as against a mortgagee of the one in possession, nor is the rule changed by the fact that the owner's mortgagee, under the facts in this case, did not follow up the owner to see that the sheep were all branded in accordance with the mortgagor's promise.          P. 541

Appeal from District Court, Curry County; Holloman, Judge.

Action by A. W. Skarda against the First Mortagage Loan Company of Clovis and others.   From a judgment for plaintiff, defendants appeal.   Affirmed.

Reid, Hervey & Iden, of Albuquerque, and Curtis Hill, of Roswell for appellants.

W. A. Havener of Clovis, and George L. Reese, of Portales, for appellee.

OPINION OF THE COURT

BOTTS, J.   On the 20th day of October, 1920, W. C. Lee and J. Frank Neel executed and delivered to the appellee (hereinafter referred to as plaintiff), Skarda, a promissory note with a chattel mortgage on certain sheep as security.   Thereafter, and on the 10th and 19th of February, 1921, said Neel executed and delivered to the appellants (hereinafter referred to as defendants) First Mortgage Loan Company and First National Bank of Clovis two promissory notes with two chattel mortgages on certain sheep as security.   On or about March 1, 1921, the defendants took possession of certain sheep, claimed by them to be those covered by their mortgages.   Plaintiff then brought suit to foreclose his mortgage, making the mortgagee corporations defendants upon the allegations that the sheep of which they had taken possession were the sheep covered by plaintiff's mortgage, and that said defend-

ants were claiming an interest in or lien on the same.
A receiver was appointed at the instance of the plain-
tiff, but need not be further noticed, except to say
that he had possession of the sheep so taken by the
defendants at the time of the trial. Defendants de-
nied the material allegations of the complaint, except
the allegations that they had taken posession of the
sheep in question, and that they claimed the same, and
by way of new matter, set up their mortgages and
pleaded facts upon which they based the claim of
having taken their mortgages without notice, actual
or constructive of plaintiff's mortgage, and the claim
that plaintiff was estopped from asserting priority.
They prayed for the dismissal of the complaint. By
reply plaintiff denied the new matter of the answer.
The trial court, after hearing the evidence, made find-
ings of fact and conclusions of law, and thereupon ren-
dered judgment for plaintiff.

[1] The court found that the sheep which were
taken into possession by the defendants, and afterwards,
by order of the court, delivered into the possession of
the receiver, were all covered by plaintiff's mortgage.
Defendants excepted to this finding on the ground
that the evidence shows that included in the sheep
in the possession of the receiver are many head not
covered by plaintiff's mortgage, and now assign error
on this finding. The evidence on this point was con-
flicting, and it might be true that there was no evi-
dence indentifying each individual sheep as being
among those covered by plaintiff's mortgage. Consid-
ering the nature of the property described and the
large number of individual animals, such proof would
be almost impossible. The property would necessarily
have to be considered as a unit, rather than as a large
number of individual units. While the evidence is not
clear that some sheep in the possession of the receiver
could be positively identified as being in the flock at
the time the mortgage was given, the evidence is equal-
ly unsatisfactory in pointing to the fact that they were
not a part of the sheep mortgaged, or that they were
put in the flock afterwards; but the number was small

as compared with total. While the evidence is conflicting, an examination of the record plainly shows ample substantial evidence to sustain the finding, especially when the mortgaged property is considered as a whole. Under the well-settled rule, therefore, this finding cannot be disturbed, and the assignment based thereon is not well taken.

The court also found that at the time of the excution of plaintiff's mortgage by said Neel and said Lee the latter was the sole owner of the property described therein, and that said Neel had no interest whatever in said property, but merely signed said note and mortgage as security for Lee. The defendants excepted to this finding on the ground that the evidence shows that Neel had at the time of the execution of the plaintiff's mortgage a substantial interest in the property covered thereby. On the basis of this exception there is no error in the finding. While there was evidence on the part of defendants by which they attempted to prove the existence of a partnership between Lee and Neel, there was also much evidence that the loan was made directly to Lee, that Lee wrote checks on the proceeds of this loan to pay the purchase price, or the greater portion thereof, of the sheep covered by plaintiff's mortgage, and the only contract for the purchase of any of the sheep introduced in evidence was signed by Lee, and not by Neel. At the time of the trial Lee was dead, and the whereabouts of Neel was unknown, so that the court was without the benefit of any information which they or either of them might have been able to give on the subject. However, the evidence of Lee's sole ownership was certainly substantial and sufficient to support the finding.

[2] The assignment of error based on this finding is grounded on the proposition that the "record" shows that said Neel had a substantial interest in the property, and was one of the makers of the note and mortgage in suit. Under this assignment, defendants argue, not only the insufficiency of the evidence to support

the finding, a point already discussed, but also that it is admitted by the pleadings that Neel was one of the owners. This argument is based on the fact that the note and mortgage sued upon show to have been executed by both Lee and Neel, and the allegation in the complaint that "the sheep described in his (plaintiff's) said mortgage were all the sheep owned by the said W. C. Lee, deceased, and the said J. Frank Neel, on said ranch." Defendants say that this allegation is an admission on the part of plaintiff that Neel owned an interest in the sheep, and that therefore the ownership was not an issue in the case. With this we cannot agree. As between plaintiff and the mortgagors, or either of them, it was immaterial whether Lee was the owner of the entire interest in the sheep, or whether Neel owned a half interest or a one-tenth interest or no interest at all. Whatever interest either of them had was covered by the mortgage, and the allegation of the complaint amounts to no more than a statement that neither of the mortgagors had any sheep on the ranch other than those described in plaintiff's mortgage. When the defendants by their answer however, set up a claim to the sheep under mortgages executed by Neel alone, the question of ownership and interest became an issue of importance, since it was conceded that the consideration for defendants' mortgages was for the sole benefit of Neel. Defendants' mortgages therefore could not have covered more than Neel's interest in the sheep, whatever that interest might prove to be, unless plaintiff had permitted Lee to clothe Neel with such apparent right to mortgage the whole as to estop him from claiming otherwise, a point which we shall discuss later. If there had been a partnership in existence between Lee and Neel, which defendants attempted, but failed, to prove, since the mortgages were for the sole benefit of Neel, defendants surely could not have maintained a lien on more than Neel's interest, and it is doubtful whether their mortgages would have been valid at all. 20 R. C. L. 910-912, §§ 123 and 124. It is apparent, therefore, that it was important, especially to the defendants, to

determine what Neel's interest, if any, was. Had the court found that Neel had a three-fourths or a nine-tenths interest in the sheep, we have no doubt, if the question were raised, that the defendants would be confidently asserting and vigorously maintaining the finding to be within the issues. If such a finding were within the issues, then why not one that Neel had a one-tenth interest, or, as was actually found, no interest? The fact that Neel executed plaintiff's mortgage, or an affidavit of ownership (which he did execute at the time the mortgage was executed), does not prove he was the owner of any interest in the sheep, and an allegation of that fact by the plaintiff and of the fact that Neel had no sheep on the described ranch, other than those covered by the mortgage against a third person claiming under Neel alone, does not estop plaintiff from contesting Neel's interest. It follows, therefore, that this assignment must fall.

[3] Defendants contend that plaintiff permitted Lee to so deal with these sheep as to clothe Neel with the apparent right to deal with them as his own, and is now estopped to deny Neel's authority to execute the mortgages to defendants, under the doctrine that, where one of two innocent parties must suffer, the loss will fall upon the one whose negligence caused it. They rely on the case of Smith & Ricker v. Hill Bros. et al., 17 N. M. 415, 134 Pac. 243. We are furnished by defendants with rather a meager discussion of the facts or evidence upon which they base this contention, but it would seem that the most that can be said is that there was a mortgage to plaintiff on record which had been executed by Neel as well as by Lee; that, while the mortgagors promised plaintiff, at the time of the execution of the mortgage, that they would put the paint brand mentioned in the mortgage on all the sheep, plaintiff did not follow them up and see that it was done; that Lee put the sheep in charge of Neel on the latter's ranch, while he went back to his home in Kansas and prepared to move to New Mexico; and that while the sheep were so in Neel's charge he employed and paid the help necessary to care for them.

As to the proposition of the mortgage being signed by Neel as well as by Lee, it would seem that, if defendants knew of such a mortgage on these sheep prior in time to theirs, then their mortgages could not be otherwise than inferior to plaintiff's mortgage. If they did not know of such mortgage, they were in no wise misled by it. What the arrangement between Lee and Neel was is not apparent from the record. Whether the former was to pay the latter for the care of the sheep, or whether Neel was to share in the profits or increase, or whether there was some other understanding, we do not know. As already seen, the court found on substantial evidence that Lee was the sole owner. We cannot agree with counsel that the facts warrant a conclusion that plaintiff had caused, or negligently permitted, Neel to be clothed with the indicia of ownership or apparent ownership and authority to sell or mortgage. The facts bring this case within the rule announced by the later cases of Bank v. Duckworth, 27 N. M. 627, 204 Pac. 58, and Roberts v. Lubin, 25 N. M. 658, 187 Pac. 551, rather than within that announced in the case relied upon by defendants.

Thus we have this situation: The sheep in the possession of the receiver at the time of the trial were the sole property of Lee and were all covered by plaintiff's mortgage. Defendants' mortgages, having been given by Neel, even if they described the same sheep, did not create a lien on the property of Lee. The court also found that the evidence is not sufficiently definite to determine whether Neel intended to include these sheep in defendants mortgages, but, from the conclusion we have reached, that would be immaterial. Likewise the question raised by defendants dealing with constructive notice of plaintiff's mortgage, and the component questions of sufficiency of description, misleading description, etc., become immaterial.

The judgment of the lower court should be affirmed; and it is so ordered.

PARKER, C. J., concurs.

BRATTON, J., did not participate in this opinion.